CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 1 2 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES L. ROUDABUSH, ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00691 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE M. JOHNSON, ) | By: Hon. Glen E. Conrad |
| Defendant. ) | United States District Judge |

The plaintiff, James L. Roudabush, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Because the plaintiff seeks to challenge the constitutionality of his conditions of confinement, the court construed the petition as a civil rights action under 42 U.S.C. § 1983. The plaintiff has now written a letter that the court will construe as a motion for a temporary restraining order. For the following reasons, the plaintiff's motion will be denied.

## Background

The plaintiff's letter includes the following allegations. The plaintiff alleges that correctional officers have directed inmates to "get" him, that inmates have come after him in the past, and that nothing is ever done to the inmates. The plaintiff further alleges that officers put items such as hair and trash on his food trays, and that officers harass and threaten to harm him. However, the plaintiff acknowledges that he is in a "locked cell for protection."

## Discussion

In deciding whether to grant a temporary restraining order or a preliminary injunction, the court must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunctive relief is not granted; (2) the likelihood of harm to the defendants if injunctive relief is granted; (3) the plaintiff's likelihood of succeeding on the merits of the action; and (4) the public

interest. Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The plaintiff bears the burden of establishing that these factors support granting a temporary restraining order. Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991). The likelihood of irreparable harm to the plaintiff is one of the two most important factors. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Id. at 360.

Having reviewed the plaintiff's allegations, the court concludes that the plaintiff's motion for a temporary restraining order must be denied. While the plaintiff indicates that other inmates have come after him in the past at the direction of correctional officers, the plaintiff acknowledges that he is presently housed in a locked cell for protection. The plaintiff's allegations simply fail to establish that he is at risk of any imminent, irreparable harm.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 12th day of January, 2006.

_____
United States District Judge