CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 03 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES L. ROUDABUSH, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05CV00691 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

This case is presently before the court on the plaintiff's motion for a temporary restraining order (docket #25) and his motion to amend his request for a temporary restraining order (docket #26). The court will permit the plaintiff to amend his motion for a temporary restraining order. However, for the following reasons, the plaintiff's motion will be denied.

The plaintiff contends that a temporary restraining order should be granted for the following reasons. He has been denied toothpaste, shampoo, lotion, and deodorant. He cannot purchase the medical products that he needs, and the medical department does not provide the medical products. Officers have tampered with the temperature of his cell, and he is only permitted to take cold showers. He has been subjected to an excessive number cell searches and stip searches. His mail is not being delivered or sent in a timely manner, and some mail has not arrived at its destination. He receives food trays with missing menu items and the food is often cold.

In deciding whether to grant a temporary restraining order or a preliminary injunction, the court must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunctive relief is not granted; (2) the likelihood of harm to the defendants if injunctive relief is granted; (3) the plaintiff's likelihood of succeeding on the merits of the action; and (4) the public interest. Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693

(4th Cir. 1994); <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189, 195-96 (4th Cir. 1977). The plaintiff bears the burden of establishing that these factors support granting a temporary restraining order. <u>Direx Israel, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991). The likelihood of irreparable harm to the plaintiff is one of the two most important factors. <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 359 (4th Cir. 1991). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. <u>Id.</u> at 360.

Having reviewed the plaintiff's allegations, the court concludes that the plaintiff's motion for a temporary restraining order must be denied. While the plaintiff indicates that the denial of medicine and hygiene products "is leading to other health problems and issues," the plaintiff does not describe the precise nature of his existing health problems or the specific effects that the lack of hygiene products and medicine has caused. Likewise, the plaintiff does not indicate that he is at risk of suffering any adverse effects from the temperature of his cell, showers, or food. The plaintiff's allegations simply fail to establish that he is at risk of any imminent, irreparable harm.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER:** This 3ʳᵈ day of February, 2006.

_____
United States District Judge

2