CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 0 3 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES L. ROUDABUSH,<br>Plaintiff, | Civil Action No. 7:05CV00691 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON,<br>Defendant. | By: Hon. Glen E. Conrad<br>United States District Judge |

James L. Roudabush, a state inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Based on the nature of Roudabush's claims, this action is more appropriately construed as one under 42 U.S.C. § 1983. For the reasons that follow, the court concludes that the action must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## BACKGROUND

Roudabush is presently incarcerated at Augusta Correctional Center. He was transferred to Augusta from Coffeewood Correctional Center, a lower level facility. Roudabush alleges that he should not be housed at a level-three facility, like Augusta, because he is a non-violent offender with a low security score.

Roudabush contends that he was transferred to Augusta after he complained of being assaulted by correctional officers at Coffeewood. Roudabush also notes that he exposed correctional officers at Coffeewood, who brought in drugs and had sex with inmates. Roudabush

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as soon as practicable if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."
  The court notes that Roudabush has objected to the court's characterization of his petition. However, because the court concludes that Roudabush's allegations are either frivolous or fail to state a claim upon which relief may be granted, the ultimate disposition of this case is not affected by the court's decision to construe his petition as a civil rights action.

alleges that he had false charges filed against him as a result of exposing the correctional officers. Roudabush further alleges that his due process rights were violated at a subsequent classification hearing, and that his custody classification score was improperly calculated.

Roudabush moved to expand his complaint on November 30, 2005. In this motion, Roudabush alleges that a gang of inmates threatened to harm or kill him on November 24, 2005. Two of the inmates also spit on him. According to Roudabush, the gang's actions were the "direct result of two or more correctional officers." Roudabush contends that the correctional officers knew about the gang's plans and failed to take any preventative action.

Roudabush also alleges that he was placed in segregation for "punitive" reasons after he reported the gang's threats. Roudabush contends that he is being denied prison privileges while "the inmates violating the rules are roaming the prison." Additionally, Roudabush alleges that his mail has been denied.

## DISCUSSION

### 1. Due Process Claims

Roudabush first alleges that his due process rights were violated when he was reclassified to a higher security level and transferred to Augusta. However, such allegations fail to state a claim upon which relief may be granted. In order to establish a due process claim, "'a plaintiff must prove that he possessed a protected liberty or property interest and that he was deprived of that interest without being afforded the process to which he was constitutionally entitled.'" Posey v. DeWalt, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) (quoting Jackson v. Bostick, 760 F. Supp. 524, 528 (D. Md. 1991)). Since Roudabush has no protected liberty interest in a particular

2

custody classification or in being confined in a particular institution, his first due process claim must be dismissed. See Id.; Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

Roudabush also appears to allege his due process rights were violated when he was placed in segregation for "punitive" reasons after he reported the incident involving the gang of inmates. A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Having reviewed Roudabush's allegations, the court concludes that he has failed to allege facts sufficient to establish that his conditions of confinement in segregation pose an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that conditions of confinement in segregation did not implicate a liberty interest where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). Because Roudabush does not possess a liberty interest in avoiding confinement in segregation, he is not entitled to due process protections. Accordingly, Roudabush's due process claim related to his placement in segregation must be dismissed.

2. Failure to Protect Claim

The plaintiff alleges that correctional officers violated his constitutional rights when they failed to protect him from the gang of inmates on November 24, 2005. The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison

3

officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. In order to establish a claim for failure to protect from violence, an inmate must show: (1) a "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted). Specifically, an inmate must establish that the prison officials knew of and disregarded an excessive risk to the inmate's health or safety. Id. at 837.

In this case, the plaintiff's allegations fail to rise to the level of a constitutional violation. Although the plaintiff alleges that a gang of inmates threatened to harm or kill him, and that correctional officers knew about the inmates' plans, the plaintiff does not allege that the inmates actually carried out their threats or that they otherwise caused any injuries. Accordingly, the plaintiff's failure to protect claim must be dismissed.

3. Mail Claim

Roudabush's motion to expand his complaint includes the allegation that his "mail is denied." However, based on the amount of correspondence that the court has received from Roudabush, the court concludes that this allegation is frivolous.[2] See Daye v. Bounds, 509 F.2d 66, 69 (4th Cir. 1975) (concluding that an inmate's allegation that he was denied use of the mails

---

[2] The court notes that since December 1, 2005, the court has received correspondence from Roudabush on seven different occasions. On each occasion, the correspondence was received by the court less than one week from the date on which it was signed by Roudabush. In most cases, the court received the correspondence one to three days after it was signed by Roudabush.

4

was "patently frivolous" in light of the "flood of legal correspondence" conducted by the inmate).

For the reasons stated, the court will dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1).[3] The Clerk is directed to send a certified copy of this opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 3rd day of February, 2006.

/s/ Jay Conrad
United States District Judge

---

[3] Having concluded that Roudabush's allegations are either frivolous or fail to state a claim upon which relief may be granted, the following pending motions will be denied: (1) his motion for extension of time to provide the financial information requested in the conditional filing order (docket #10); (2) his motion for reconsideration of the order construing his habeas petition as a civil rights action under § 1983 (docket #11); (3) his "motion for protective order" (docket #14), in which he seeks to obtain all documentation pertaining to his attempts to exhaust available administrative remedies; (4) his motion for discovery (docket #15), in which he seeks to obtain all documentation pertaining to his attempts to exhaust available administrative remedies; and (5) his motion to amend relief (docket #23), in which he seeks to add claims for damages and attorney's fees.

5